## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD R. HUNT, JR.,** | : | **CIVIL NO. 3:14-CV-1858** |
| | : | |
| **Petitioner** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.,* | : | |
| | : | |
| **Respondents:** | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Petitioner Gerald R. Hunt, Jr. ("Hunt"), a Pennsylvania state inmate, commenced this action on September 24, 2014, with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and memorandum of law (Doc. 2). He challenges the Judgment of Sentence entered on January 21, 1999, in Court of Common Pleas of Susquehanna County Criminal case number CP-58-CR-425-1996. (Id.)

On December 4, 2014, Respondents filed a response (Doc. 11), exhibits (Doc. 12) and supporting brief (Doc. 13). Hunt filed a traverse (Doc. 15) on November 12, 2014. The petition is ripe for disposition and, for the reasons that follow, the petition with respect to certain claims. Those claims that are not denied will be referred for an evidentiary hearing.

## I.   **Background**

The relevant facts and state procedural history are as follows:

On September 30, 1996, Appellant was driving a car with Randy Saam in the passenger seat and [the victim] in the back seat. [The victim], inebriated, started hitting the back of Mr. Saam's seat. Appellant pulled over to the side of the road and

ordered [the victim] out.

Appellant's and Mr. Saam's trial testimony differs as to what occurred next.  Mr. Saam claimed that Appellant left the vehicle, got into a physical altercation with [the victim], and then shot him around six times.  Appellant alleged that Mr. Saam exited the vehicle and shot [the victim].  Both agree that after [the victim] was shot, both left the scene and then returned a short while later.  Mr. Saam alleged that Appellant left the vehicle and again shot [the victim] several times.  Appellant countered that it was Mr. Saam who left the vehicle and shot [the victim].  The Commonwealth's expert testified that [the victim] was alive and in a prone or semi-prone position when Appellant and Mr. Saam returned. [The victim] was shot a total of thirteen or fourteen times.

Both fled the scene and drove to Mr. Saam's residence, where Mr. Saam returned the gun while Appellant stayed in the car.  They both went to William Radzerk's house where they both washed their hands and changed their clothes.  They drove to Appellant's home, and Appellant asked Mr. Saam to "make sure the car was clean." N.T., 1/11/99, at 250.  Appellant also told Mr. Saam that he had revealed what "we did."

Appellant was arrested and waived his right to a jury trial.  The [trial] court convicted Appellant [of third degree murder and related charges], and on January 21, 1999, sentenced him to an aggregate term of twenty to forty years in prison.  Appellant filed, and then the [trial] court denied, post-sentence motions.  Appellant's counsel did not file a direct appeal.

It is unnecessary to restate the lengthy, convoluted, procedural history, but ultimately, on November 5, 2007, the United States Court of Appeals for the Third Circuit ordered the District Court for the Middle District of Pennsylvania to consider a claim in Appellant's petition for a writ of *habeas corpus* relief.  *Hunt v. Piazza*, 253 Fed. Appx. 156, 159-60 (3d Cir. 2007).  On January 11, 2008, Appellant's counsel and the Commonwealth agreed to hold his [federal] petition in abeyance and move this Court to permit Appellant to proceed with his direct appeal.  On March 10, 2008, this Court denied Appellant's motion without prejudice for him to seek relief in the trial court.  Appellant then sought, and obtained, permission by the trial court to file a direct appeal *nunc pro tunc*.  *Commonwealth v. Hunt*, 986 A.2d 1257 (Pa. Super. 2009, unpublished memorandum at 2-4.

Doc. 12, pp. 107-09).  "Finding no merit to Appellant's claims, [the Superior Court of Pennsylvania] affirmed Appellant's judgment of sentence.  *Hunt*, *supra*. [The] Supreme

Court [of Pennsylvania] denied Appellant's petition for allowance of appeal on July 7, 2010. *Commonwealth v. Hunt*, 997 A.2d 1175 (Pa. 2010)." (Id. at 109). Hunt included in the direct appeal, *inter alia*, the issue of "[Whether] the trial court erred by failing to utilize the 1994 sentencing guidelines which called for a standard range of incarceration of between 105 to 120 months['] confinement[?] [Appellant] asserts that a substantial sentencing question which may be reviewed on appeal is presented in the instant matter, because the trial court did not adequately explain its reasons for going beyond the applicable sentencing guidelines in the instant matter." (Doc. 12, p. 64).

Hunt filed a PCRA petition on June 21, 2011. (Id.) The PCRA court denied the petition on March 8, 2011, and Hunt appealed. (Id.) On August 15, 2012, the Superior Court vacated the order dismissing the petition and remanded the matter to the PCRA court for further proceedings. (Id. at 107-11).

On remand, the PCRA court permitted the filing of an amended PCRA, wherein Hunt claimed that "trial counsel was ineffective for (1) failing to advance arguments in support of a sentence within the standard sentencing guidelines, (2) failing to challenge the sentence imposed, (3) failing to advise Defendant regarding the possibility of minimum sentences in excess of the standard sentencing guidelines, (4) failing to properly advise Defendant on the possible sentences being faced, (5) failing to ensure that Defendant fully understood the nature of the guilty plea being offered and the consequences of not accepting the same, (6) failing to arrange for the appearance of witnesses at Defendant's sentencing, (7) failing to present letters and other mitigating evidence at the time of sentencing, and (8) failing to

3

ensure Defendant knowingly and voluntarily waived his right to trial by jury." (<u>Id.</u> at 184,

citing Amended Petition ¶ 9(a)([2]-[5], [8]-[11]).  He also claimed that he was "denied due

process rights because [the trial] Court (1) failed to ensure that Defendant knowingly and

voluntarily waived his right to a jury trial, (2) failed to explain the right he was surrendering

by waiving a jury trial, (3) failed to ensure that a proper written jury waiver, or oral jury

waiver colloquy, was accomplished, (4) failed to adequately explain or justify the sentence

imposed, and (5) failed to ensure that he was aware of the existence and meaning of the

applicable sentencing guidelines, and of [the Court's] ability to sentence outside the standard

range for each offense." (<u>Id.</u> at 191).

Following a hearing, the court denied the amended  PCRA petition on March 21,

2013. (<u>Id.</u> at 146-66).  Thereafter, on April 3, 2013, the PCRA court granted Hunt's petition

to reconsider and vacated the March 23, 2013 order denying the amended PCRA and, on the

same date, issue a separate opinion indicating an intent to dismiss the petition. (<u>Id.</u> at 173,

175-95).  On May 8, 2013, the amended PCRA was denied without a hearing. (<u>Id.</u> at 214-

28).  On appeal, Hunt raised the following issues:

> Whether the [PCRA] court erred in denying, without a hearing, [Appellant's]
> claim that trial counsel was ineffective for failing to argue for a sentence below
> the statutory maximum?

> Whether the [PCRA] court erred in denying, without a hearing, [Appellant's]
> claim that trial counsel was ineffective for failing to present mitigating evidence
> at sentencing?

> Whether the [PCRA] court erred in denying, without a hearing, [Appellant's]
> claim that trial counsel was ineffective for failing to properly advise [Appellant]
> regarding the plea offer and the possible maximum sentence?

4

(Id. at 231, citing Appellant's Brief at 2).  The Superior Court affirmed the denial of the

amended PCRA petition. (Id. at 229-37).

In his federal petition, Hunt raises the following grounds for relief:

Ground One:  "Trial Counsel rendered ineffective assistance by: (1) failing before and during jury waiver colloquy proceedings to adequately advise Petitioner that for sentencing purposes, the trial court must consider the 1994 Sentencing Guidelines, but may impose a sentence beyond the statutory limit of 10 to 20 years of imprisonment for third-degree homicide under 42 Pa.C.S.A. § 9756(b)(1), and (2) failing to specifically request a competency hearing during jury waiver colloquy proceedings to ensure that Petitioner, who was known by trial counsel to suffer from diminished capacity due to being under the  intoxicating influence of two combined powerful medications, fully understood the nature and consequences of waiving his right to a jury trial.

Ground Two: Trial counsel rendered ineffective assistance before, during, and at the conclusion of judge trial testimony by: (1) failing to adequately advise Petitioner that if he rejected the Commonwealth's guilty plea proposal of 15 to 30 years of imprisonment, and was subsequently found guilty of third-degree homicide based on the defense of voluntary intoxication, the trial court must consider Pennsylvania's 1994 Sentencing Guidelines, but may impose a sentence in excess of 10 to 20 years of imprisonment under 42 Pa.C.S.A. § 9756(b)(1), and (2) failing to request a competency hearing at the conclusion of judge trial testimony to ensure that Petitioner, who was known by trial counsel to suffer from diminished capacity due to being under the intoxicating influence of two combined powerful medications, fully understood the nature and consequence of rejecting the Commonwealth's guilty plea proposal to 15 to 30 years of imprisonment for third degree homicide.

Ground Three: Trial counsel rendered ineffective assistance during sentencing proceedings held in this matter by: (1) failing to correct a prominent error on the face of the Sentencing Guideline Form which clearly reflects that the 1997 "stat. Limit" of a 20 year minimum sentence was withing the applicable 1994 aggravated sentence range for third-degree homicide, or (2) failing to otherwise raise the claim that as a result of being incorrectly advised of the applicable 1994 aggravated sentence range, the trial court was deprived of the opportunity to make an informed decision with respect to the sentence imposed.

Ground Four: Petitioner's conviction and corresponding sentence of 20 to 40 years

of imprisonment for third-degree homicide results from a decision that is an unreasonable determination of the facts insofar as it relates to Pennsylvania's 1994 aggravated sentence range.   28 U.S.C. § 2254(d)(2).

Ground Five: Petitioner's conviction and corresponding sentence of 20 to 40 years for third-degree homicide insofar as it related to Petitioner's claim of trial counsel's ineffectiveness for failing to adequately advise Petitioner of the nature and probable consequences of rejecting the Commonwealth's guilty plea proposal of 15 to 30 years of imprisonment for third-degree homicide results from a decision that is contrary to, or an unreasonable application of, (1) Lafler v. Cooper, (2) Padilla v. Kentucky, and (3) Strickland v. Washington, 28 U.S.C. § 2254(d)(1).

Doc. 2, pp. 13-14).

## II.   Discussion

### A.   Exhaustion and Procedural Default

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  However, such an application "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process).  The state courts must have the first opportunity to redress any claimed violation of a habeas

petitioner's federal rights. <u>Picard v. Connor</u>, 404 U.S. 270, 275–76 (1971).  The habeas

statute codifies this principle by requiring that a petitioner exhaust the remedies available in

the courts of the State, 28 U.S.C. § 2254(b)(1)(A), meaning a state prisoner must "fairly

present" his claims in "one complete round of the state's established appellate review

process," before bringing them in federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845

(1999) (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full

and fair opportunity to resolve federal constitutional claims before those claims are presented

to the federal courts, . . . state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established

review process); <u>see</u> <u>also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard</u>, 404 U.S. at

275 (1971); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).

Relief cannot be granted unless all available state remedies have been exhausted, or

there is an absence of available state corrective process, or circumstances exist that render

such process ineffective to protect the rights of the applicant. <u>See</u> 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is grounded on principles of comity in order to ensure that state

courts have the initial opportunity to review federal constitutional challenges to state

convictions. <u>See</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 192 (3d Cir. 2000).

"Fairly presenting" a federal claim to the state courts requires the petitioner to present

both the factual and legal substance of the claim in such a manner that the state court is on

notice that the federal claim is being asserted. <u>See</u> <u>McCandless v. Vaughn</u>, 172 F.3d 255,

261 (3d Cir. 1999). Citations to the Constitution or to federal case law can provide adequate

notice of the federal character of the claim. <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1232 (3d Cir. 1992). A petitioner may also alert the state courts through "reliance on state cases employing [federal] constitutional analysis in like fact situations," or "assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution." <u>Id.</u> Thus, a federal claim may be fairly presented to the state courts even when the petitioner makes no express reference to federal law. <u>McCandless</u>, 172 F.3d at 261.

The federal claims raised in the state courts need not be identical to the claims pursued in federal court. <u>See</u> <u>Picard</u>, 404 U.S. at 277 (recognizing that petitioner is entitled to "variations in the legal theory or factual allegations used to support a claim"). But, the exhaustion requirement would "serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." <u>Id.</u> at 276. A petitioner has exhausted a federal claim only if he or she presented the "substantial equivalent" of the current claim to the state court. <u>Id.</u> at 278; <u>see also</u> <u>McCandless</u>, 172 F.3d at 261 (holding that petitioner must present both "factual and legal substance" of claim to state courts).

Hunt has failed to present to the state courts the claim set forth in Ground One, that trial counsel was ineffective for failing to adequately advise him regarding waiving his right to a jury trial and for failing to request a competency hearing during the jury waiver colloquy proceedings. (Doc. 2, p. 13). He has also failed to present the portion of the claim set forth in Ground Two that counsel was ineffective for failing to request a competency hearing at the conclusion of trial testimony to ensure that he "fully understood the nature and consequences of rejecting the Commonwealth's guilty plea proposal of 15 to 30 years of imprisonment for

third degree homicide." (<u>Id.</u> at 14).  Lastly, he failed to present his Ground Three claim that

counsel was ineffective in failing to correct an error on the face of the Sentencing Guideline

Form or failing to raise the claim that, because the trial court was erroneously advised of the

applicable sentence range, it was deprived of the opportunity to make an informed decision

with respect to the sentence imposed.

If a petitioner presents unexhausted habeas claims to a federal court, as is the case

with these claims, but state procedural rules bar further state court review, the federal court

will excuse the failure to exhaust and treat the claims as exhausted.  <u>Wenger v. Frank</u>, 266

F.3d 218, 223 (3d Cir. 2001); <u>Lines v. Larkins</u>, 208 F.3d 153, 160 (3d Cir. 2000); <u>see</u> <u>Teague</u>

<u>v. Lane</u>, 489 U.S. 288, 297–98 (1989).  Although deemed exhausted, such claims are

considered procedurally defaulted.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 749 (1991); <u>Lines</u>,

208 F.3d at 160.  It is evident from the record, and Hunt concedes, that the claim contained in

Ground One has not been presented to the state courts.  (Doc. 15, p. 5). Nor has he presented

the failure to request a competency hearing claim contained in Ground Two or the ineffective

claims raised in Ground Three.  "[F]ederal courts may not consider the merits of such claims

unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of

justice' to excuse his or her default.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111

S.Ct. 2546, 115 L.Ed.2d 640 (1991)."  <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir.

1999); <u>see</u> <u>also</u> <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1917 (2013).

To demonstrate "cause," the petitioner must demonstrate that some objective external

factor impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477

U.S. 478, 488 (1986).  To demonstrate "actual prejudice," the petitioner must show that the errors worked to his actual and substantial disadvantage  "infecting his entire [proceeding] with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.  " '[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bouslev v. United States, 523 U.S. 614, 623 (1998).  This requires a petitioner to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).

Hunt asserts, in conclusory fashion, that PCRA counsel's failure to pursue the claims asserted in Grounds One and Two constitutes cause and prejudice which justifies presenting this claim for the first time under federal habeas review.  (Doc. 2, pp 13-14. 5).  Hunt seeks to overcome the procedural bar by raising the ineffective assistance of PCRA counsel. However, freestanding claims of ineffective assistance of PCRA counsel are not cognizable on federal habeas review because there is no constitutional right to counsel in state collateral proceedings.  28 U.S.C. § 2254(i) (stating that "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Coleman, 501 U.S. at752–53; Pennsylvania v. Finley, 481 U.S. 551, 555–56 (1987); Holman v. Gillis, 58 F.

Supp.2d 587, 597 (E.D.Pa. 1999) (finding that "a claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States.").

Moreover, Hunt fails to establish cause in that he cannot identify an objective external factor that impeded his efforts to comply with procedural rules in presenting these claims to the state courts.  In the absence of cause, the court will not address the issue of prejudice.  In turn, the miscarriage of justice exception is inapplicable because Hunt has failed to provide new reliable evidence of his actual innocence.  Rather, he is simply challenging the length of his sentence.  Accordingly, the Court will deny the claim asserted in Ground One, the portion of the Ground Two claim discussed *supra*, and the claim asserted in Ground Three as procedurally barred.

### B.      Claims Adjudicated on the Merits by the State Courts

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts reviewing a state prisoner's application for a writ of habeas corpus may not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"[B]ecause the purpose of AEDPA is to ensure that federal habeas relief functions as a

guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction," Greene v. Fisher, — U.S. — , 132 S.Ct. 38, 43 (2011) (internal quotations and citations omitted), "[t]his is a difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (internal quotation marks and citation omitted).  The burden is on Hunt to prove entitlement to the writ. Id.

A decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A decision is an "unreasonable application" of federal law if the state court identified the correct governing legal rule but applied the rule to the facts of the case in an objectively unreasonable manner. Renico v. Lett, 559 U.S. 766, 773 (2010).  A decision is based on an "unreasonable determination of the facts" if the state court's factual findings are objectively unreasonable in light of the evidence presented to the state court. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

    1.    Ground Four

In Ground Four, Hunt asserts that his "conviction and corresponding sentence of 20 to 40 years of imprisonment for third-degree homicide results from a decision that is an unreasonable determination of the facts insofar as it relates to Pennsylvania's aggravated sentence range.  28 U.S.C. § 2254(d)(2)."  (Doc. 2, p. 15).  The Superior Court addressed this

issue during the direct appeal as follows:

> Appellant lastly challenges his sentence of twenty to forty years for third-degree
> murder.  Appellant claims that at the time of the offenses, the applicable
> sentencing guidelines stated a standard sentencing range of 105-120 months for
> third-degree murder.  He contends the court erred by sentencing him to the
> statutory maximum and failing to explain the reasons for going beyond the
> sentencing guidelines adequately.  We disagree.

> \*\*\*

> Appellant argues that his sentence of twenty to forty years for third-degree murder
> is excessive for two reasons.  First, the court failed to explain its reasons for
> imposing a sentence outside the guidelines.  Second, the court abused its
> discretion in imposing the statutory maximum because it 'was not meaningfully
> informed by the appropriate sentencing range, and was manifestly excessive.'

> \*\*\*

> Our standard of review when an appellant challenges the discretionary aspects of
> his sentence is very narrow:

>> Sentencing is a matter vested in the sound discretion of the sentencing
>> judge, and a sentence will not be disturbed on appeal absent a manifest
>> abuse of discretion.  In this context, an abuse of discretion is not shown
>> merely by an error in judgment.  Rather, the appellant must establish, by
>> reference to the record, that the sentencing court ignored or misapplied the
>> law, exercised its judgment for reasons of partiality, prejudice, bias or ill
>> will, or arrived at a manifestly unreasonable decision.

> Commonwealth v. Hardy, 939, A.2d 974, 980 (Pa. Super. 2007) (citation omitted).

> It is well-settled that:

>> Issues challenging the discretionary aspects of a sentence must be raised
>> in a post-sentence motion or by presenting the claim to the trial court
>> during the sentencing proceedings.  Absent such efforts, an objection to a
>> discretionary aspect is waived.

> Commonwealth v. Ahmad, 961, A.2d 884, 886 (Pa. Super. 2009) (citations and
> punctuation marks omitted); Commonwealth v. Shugars, 895 A.2d 1270, 1274
> (Pa. Super. 2006): Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super.
> 2005); Commonwealth v. McAfee, 849 A.2d 270, 275 (Pa. Super. 2004).

(Doc. 12, pp. 68-70). The Superior Court concluded that Hunt preserved his challenge to the

discretionary aspects of sentencing and, in examining the merits, concluded as follows:

> In 1994, the Sentencing Guidelines provided a standard guideline range of 105-120 months for third-degree murder. In 1995, the legislature amended the statute to increase the maximum sentence to 240 months. The Sentencing Guidelines were not amended to reflect the new statutory maximum until 1997. Appellant, however, committed the murder on September 30, 1996, after the legislature amended the statute but before the Sentencing Guidelines were amended to reflect the new statutory maximum. If we were to agree with Appellant's argument then we would render meaningless well-established caselaw holding that the courts are not bound by the Sentencing Guidelines. We decline to categorize the Sentencing Guidelines as taking precedent over any subsequent statutory amendment.

> Further, the sentencing court considered the factors set forth by 42 Pa.S.C. § 9781(d). *See* N.T., 7/29/96, at 17-23. The court reviewed the presentence investigation report, the statements of the victim's parents, the facts of the case, lack of remorse, testimony from the Commonwealth's expert that Appellant has anti-social tendencies, and prior felony offenses. *See Id.*; *See also Sheller*, *supra*, We cannot reasonably conclude that the court abused its discretion by failing to consider 42 Pa.C.S. § 9721 factors that the sentence was unreasonable. See 42 Pa.C.S. § 9721; *Bowen*, *supra*.

(Doc. 12, pp. 71-72).

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of

some transgression of federal law binding on the state courts. Engle v. Isaac, 456 U.S. 107,

119 (1982). Violations of state law, standing alone, will not entitle a petitioner to federal

habeas relief, absent a showing that those violations are so great as to be of a constitutional

dimension. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (federal habeas courts are not

permitted to review questions of state law); Wainwright v. Sykes, 433 U.S. 72, 81 (1977)

(questions of state substantive law not cognizable on federal habeas review); Priester v.

Vaughn, 382 F.3d 394, 401–02 (3d Cir. 2004) (same).

Hunt's claim that his sentence of 20 to 40 years of imprisonment was unreasonable, given Pennsylvania's applicable guideline range, does not implicate the laws or the Constitution of the United States.  In fact, habeas challenges to a state court's sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated. See Estelle, 502 U.S. at 67–68 (explaining that federal habeas courts are not permitted to review questions of state law); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (same); Wainwright, 433 U.S. at 81 (indicating that questions of state substantive law are not cognizable on federal habeas review); Townsend v. Burke, 334 U.S. 736, 741 (1948) (stating that when a state "sentence [is] within the limits set by the statute, its severity would not be grounds for [habeas] relief"); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42–43 (3d Cir.1984) (finding that  court's sentencing discretion was not cognizable in federal habeas petition); Smith v. Kerestes, Civ. A. No. 08–0061, 2009 WL 1676136, at *16 (E.D.Pa. June 15, 2009) (rejecting petitioner's claim that his state sentence was excessive because "absent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds statutory limits").

The Superior Court held that Hunt's sentence fell squarely within the applicable state sentencing guidelines and that the sentence was based upon facts specific to the offenses for which he was convicted.  Accordingly, this sentence was applied within the broad limits established by the Constitution, and his claim concerning either the length, or discretionary

15

imposition, of his sentence fails to raise a cognizable claim for federal habeas relief.

     2.  Grounds Two and Five

   These grounds concern Hunt's allegations that trial counsel was ineffective during the

"guilty plea proposal" stage of his criminal proceedings.  (Doc. 2, pp. 13-15).  The test for

ineffective assistance of counsel is a well settled and firmly established one containing two

components.  "First, the defendant must show that counsel's performance was deficient.  This

requires showing that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland v. Washington,

466 U.S. 668, 687 (1984).  "Second, the defendant must show that the deficient performance

prejudiced the defense.  This requires showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable."  Id.

   In analyzing Hunt's ineffective assistance of counsel claims, the state court utilized

the following three pronged state law test of ineffectiveness:

> [C]ounsel is presumed to have provided effective representation unless the PCRA
> petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2)
> counsel had no reasonable basis for his or her conduct; and (3) Appellant was
> prejudiced by counsel's action or omission.   To demonstrate prejudice, an
> appellant must prove that a reasonable probability of acquittal existed but for the
> action or omission of trial counsel.  A claim of ineffective assistance of counsel
> will fail if the petitioner does not meet any of the three prongs.  Further, a PCRA
> petitioner must exhibit a concerted effort to develop his ineffectiveness claim and
> may not rely on boilerplate allegations of ineffectiveness.
>
> *Commonwealth v. Perry*, 959 A, 2d 932, 936 (Pa. Super. 2008) (quotation marks
> and citations omitted).

(Doc. 12, pp. 232-33) (emphasis in original omitted).  The United States Court of Appeals for

the Third Circuit has ruled that this standard is not "contrary to" <u>Strickland</u>.  <u>Werts v.</u>

<u>Vaughn</u>, 228 F. 3d 178, 203 (3d Cir. 2000).  Therefore, "the appropriate inquiry is whether

the Pennsylvania courts' application of <u>Strickland</u> to [petitioner's] ineffectiveness claim[s]

was objectively unreasonable, *i.e.*, the state court decision evaluated objectively and on the

merits, resulted in an outcome that cannot reasonably be justified under <u>Strickland</u>," <u>id.</u> at

204, or, whether the adjudication of the claims resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceedings.  28 U.S.C. §§ 2254(d)(1) and (2).

The claims set forth in Grounds Two and Five, concerning whether trial counsel was

ineffective during the "guilty plea proposal" stage of his criminal proceedings were raised

during collateral review and framed by the Superior Court in terms of "whether the [PCRA]

court erred in denying, without a hearing [Appellant's] claim that trial counsel was

ineffective for failing to properly advise [Appellant] regarding the plea offer and the possible

maximum sentence."  (Doc. 12, p. 231).

In considering the claims, the Superior Court noted the following: "With respect to the

plea offer, Appellant alleges that the Commonwealth offered a sentence of fifteen to thirty

years in prison in exchange for his guilty plea.  He complains that he 'mistakenly understood'

that his sentence could not exceed ten to twenty years and thus advised counsel to reject the

plea offer.  Appellant's Amended PCRA Pet., 1/15/13, at 5-6.  Appellant suggests that

counsel was unaware that the maximum sentence for third-degree murder had been increased

from twenty to forty years in prison.  Thus, Appellant speculates that had counsel been

aware, counsel would have corrected Appellant's misunderstanding, and he would have

accepted the Commonwealth's plea offer." (Doc. 12, pp. 231-32). In denying relief, the

Superior Court opined as follows:

> With respect to [Hunt's] assertion regarding the plea, we hold [Hunt's] argument
> is internally inconsistent. [Hunt] was present when Mr Saam, his accomplice,
> testified to receiving a plea deal for third-degree murder of twelve to twenty five
> years' imprisonment if he cooperated and seventeen to forty years imprisonment
> if he did not. *See* N.T. Trial, 1/12/99 at 118, 231-32. Both of Mr. Saam's
> potential maximum sentences for third-degree murder exceeded twenty years. *See
> id.* Thus, [Hunt's] counsel cannot be found ineffective for failing to correct
> [Hunt's] alleged misimpression that the maximum sentence was twenty years for
> third-degree murder because [Hunt], just the prior day, heard his accomplice
> testify about receiving a sentence in excess of that. *See Perry*, 959 A.2d at 936.
> Accordingly, having discerned no genuine issue of material fact, *see Rios*, 920
> A.2d at 823, we affirm the order below . . . *See Clouser*, 998 A.2d at 661, n.3; *see
> also Abu-Jamal*, 941 A.2d at 1267.

(Doc. 12, p. 236).

In the matter *sub judice*, Hunt contends that trial counsel was ineffective in failing to

adequately advise him of the sentencing consequences he would face if he rejected the

Commonwealth's guilty plea proposal of 15 to 30 years. (Doc. 2, p. 14). Specifically,

counsel allegedly failed to inform him that, although the trial court was required to consider

Pennsylvania's 1994 Sentencing Guidelines, it had the discretion to "impose a sentence in

excess of 10 to 20 years of imprisonment under 42 Pa.C.S.A. § 9756(b)(1)." (Id. at 13-15).

It is his position that trial counsel's failure to "adequately advise [him] of the nature and

probable consequences of rejecting the Commonwealth's guilty plea proposal of 15 to 30

years of imprisonment for third-degree homicide resulted from a decision contrary to, or an

unreasonable application" of Strickland and other pertinent federal law." (Doc, 2, p. 15).

18

It is well-settled that defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process.  Missouri v. Frye, — U.S. —,  132 S.Ct. 1399, 1404 (2012); Lafler v. Cooper, — U.S. — , 132 S.Ct. 1376, 1384 (2012);  see also Padilla v. Kentucky, 559 U.S.356, 373 (2010); Hill v. Lockhart, 474 U.S. 52, 57 (1985).  During plea negotiations defendants are "entitled to the effective assistance of competent counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970).  In Hill v. Lockhart, the Court held "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."  Hill, 474 U.S. at 58.  In the context of plea offers a defendant must show the outcome of the plea process would have been different with competent advice.  See Lafler, 132 S.Ct. at 1384 (noting that Strickland's inquiry, as applied to advice with respect to plea bargains, turns on the probability that, but for counsel's errors, "the result of the proceeding would have been different").

Hunt has made serious allegations regarding counsel's performance during the guilty plea proposal stage of the proceedings, which were resolved by the PCRA Court and the Superior Court without a full evidentiary hearing.  He has diligently sought to develop the factual basis of counsel's ineffectiveness, contending that a hearing is required to develop the record concerning his counsel's erroneous advice concerning maximum sentence exposure and his decision to reject the plea offer on the basis of that advice, but has been denied the opportunity to do so by the state court.  The lack of factual development appears to have resulted in a state court decision that is an unreasonable application of Strickland or involves an unreasonable determination of the facts in that there is no analysis of the seminal

19

<u>Strickland</u> elements, *i.e.*, whether counsel's performance was deficient and, if so, whether that deficient performance prejudiced Hunt.  The Superior Court's sole reason for rejecting Hunt's ineffective assistance claim, and rendering it "internally inconsistent," is their conclusion that Hunt's presence during his accomplice's testimony, that he faced maximum sentences in excess of twenty years, was sufficient to correct Hunt's "misimpression that the maximum sentence was twenty years for third-degree murder."  The Superior Court's decision is devoid of any discussion of counsel's role in the presentation of the plea offer, counsel's explanation or discussion of maximum sentence exposure, counsel's discussion of the terms of the offer, counsel's advice or recommendation to accept or reject the plea and the consequences of either action, or whether he agreed with, or counseled against, Hunt's decision to ultimately reject the plea offer.  Against this backdrop, the Court concludes that an evidentiary hearing is necessary for a proper evaluation of the Superior Court's decision regarding Hunt's claims of ineffective assistance during the plea offer stage of the proceedings set forth in Grounds Two and Five.  <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286-87 (2000) (holding that 28 U.S.C. § 2254(e)(2) does not preclude a habeas court, in its discretion, from ordering an evidentiary hearing if the habeas petitioner has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court).  These claims will proceed to an evidentiary hearing.

**III.**    **Conclusion**

For the reasons set forth above, the claims set forth in Grounds One and Three, and the portion of the claim set forth in Ground Two, that counsel was ineffective for failing to request a competency hearing at the conclusion of trial testimony, are denied as procedurally defaulted.  The claim contained in Ground Four is denied on the merits.  The claims set forth in Grounds Two and Five will proceed to an evidentiary hearing as directed.

A separate order will enter


**BY THE COURT:**


**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**


Dated:        August 30, 2016